F-97-3a

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

UNITED STATES OF AMERICA

V.                                                        Cause No.  MO-09-CR-314(1)

**DAVID ALBERTO MONTEALEGRE**
Defendant

## ORDER OF DETENTION PENDING TRIAL
*(risk of flight)*

The Government moved to detain the Defendant on the basis of Title 18, U.S.C. § 3142(f). In accordance with the Bail Reform Act, Title 18 U.S.C. § 3142 (f), a detention hearing has been held.  I conclude that detention of the defendant is required pending trial in this case for the following reason(s):

## DETENTION ORDER

The Court finds there is no condition or combination of conditions which would reasonably assure the appearance of the defendant as required, taking into account all the available information presented to the Court.  Therefore, the Defendant is detained without conditions of release.  There is a preponderance of  evidence which indicates that the Defendant is a flight risk.

## FINDINGS RELATED TO DETENTION

1)   The evidence and punishment range against the Defendant are substantial, with the Defendant facing up to 5 years imprisonment upon conviction as to each count.  On December 2, 2009, a federal Grand Jury returned an eight count, fifteen page Indictment charging the Defendant with Bankruptcy Fraud and Concealment of Assets.  More specifically, the federal Grand Jury found that probable cause exists to believe that the Defendant committed the following offenses between December 2003 and March 2005:

F-97-3a

    A)    **COUNT ONE [Bankruptcy Fraud]**

        1) Defendant concealed a pending insurance claim;
        2) Defendant concealed a residence in Guadalajara, Jalisco, Mexico;
        3) Defendant concealed multiple bank accounts;
        4) Defendant concealed proceeds from sale of tour bus;
        5) Defendant made false statements under oath at Section 341 hearing; and,
        6) Defendant misrepresented multiple facts and circumstances that misled the bankruptcy trustee and creditors about the availability of assets that could be liquidated to pay creditors of the estate; and

    B)    **COUNTS TWO THROUGH EIGHT [Concealment of Assets]**

2) Special Agent Cory Richardson of the Federal Bureau of Investigation (FBI) testified concerning the Defendant's travel (in a motorcar, owned by the Defendant, with $300,000.00 in cash in a safe) and a residence with the utilities in the Defendant's name in Mexico. The Defendant presently resides in La Crosse, Wisconsin, but has listed his home there for sale. The Defendant's son (one of the three children he has custody of) informed the Defendant's ex-wife, Brandi Johns, that Defendant and the children were moving to Wyoming, though the Defendant told Ms. Johns that he was not moving. There was testimony that the Defendant was unhappy with his son for divulging these plans to Ms. Johns.

3) U. S. Pretrial Services Officer Terry Luck testified to the information he received from the Defendant in preparing the Pretrial Services Report.

4) The Defendant's brother, Chris Montealegre, testified that in 2004 the Defendant's business failed and the Defendant moved to Guadalajara, Mexico. Their parents had been missionaries and the Defendant lived in Mexico for some time. Teresa Guzman Gomez is a lady the Defendant had a relationship with, and with home he had a child. Chris believes that both live in Mexico. Chris testified that the Defendant was selling his house in Wisconsin because of the high property taxes. Chris believes the Defendant was trying to find a job in Texas to be closer to his family. He knew nothing of any plan for the Defendant to move to Wyoming or anywhere else.

5) The Defendant failed to divulge any information to U. S. Pretrial Services about the existence of Teresa Guzman Gomez or his son by her and their presence in Mexico.

F-97-3a

6)      The Defendant has a history and strong ties to Mexico, both in Guadalajara and Wahaca.

7)      Based on the nature of the offense(s) and the findings listed above, the Court finds that no conditions of release can be established to guarantee that the Defendant will not be a risk of flight.  Therefore, the Defendant is **DETAINED**.

### DIRECTIONS REGARDING DETENTION

In light of the findings and reasons set forth above, it is **ORDERED** that the Defendant:

1)      Be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal during the time he awaits trial;

2)      The Defendant be afforded opportunity for private consultation with his counsel during this period in detention;

3)      That the facility where the Defendant will be placed shall make the Defendant available to the United States Marshals Service for any appearance in connection with a Court proceeding in this matter; and,

4)      In the event an appeal of this detention order, the Pretrial Services' Report shall be sealed and made part of the record in this cause.

It is so **ORDERED**.

**SIGNED** on February 24, 2010.

_____
DAVID COUNTS
UNITED STATES MAGISTRATE JUDGE